UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HOLYPARADOX ALLAH APOLLYON                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:16CV-P438-GNS

ERIC J. HANER                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff Holyparadox Allah Apollyon filed a *pro se* complaint under 42 U.S.C. § 1983 on

his own paper (DN 1).  Finding deficiencies in this action, the Clerk of Court sent Plaintiff a

Notice of Deficiency (DN 4).  In part, the deficiency notice directed Plaintiff to refile his

complaint on the appropriate Court-approved form.  In response, Plaintiff filed his complaint on

a Court-approved form for filing a general civil action (DNs 1-3 & 5).  This matter is before the

Court for initial review of the complaint[1] pursuant to 28 U.S.C. § 1915A and *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007).  For the reasons that follow, the Court will dismiss this action.

## I.  SUMMARY OF CLAIMS

Plaintiff names one Defendant in this action, Eric J. Haner, who Plaintiff identifies as a

"Jefferson District Court" judge in Louisville, Kentucky.  Plaintiff sues Defendant Haner in his

individual capacity.  He seeks monetary and injunctive relief.  Plaintiff states that the injunctive

relief he seeks is "an ORDER directing the defendant to not retaliate against Plaintiff and that the

defendant respect Plaintiff's legal and Religious name."

According to Plaintiff, on or about January 21, 2016, he "appeared before the Jefferson

District Court, wherein the Defendant herein resigns as Judge, where plaintiff was to face

---

[1] The Court will review both the initial complaint filed on Plaintiff's own paper (DN 1) and the complaint
submitted on a Court-approved form (DNs 1-3 & 5).

charges that had been lodged against him under his legal name as being Holyparadox A. Apollyon as appearing on Jefferson County Metro Police department Uniform Citation following a search of Plaintiff vehicle." Plaintiff complains that during his appearance before Defendant, Defendant addressed Plaintiff by the name of Kristian Giles, "a name that does not appear on any of the documents that stood before the court in the present matter." According to Plaintiff, when he attempted to correct Defendant about his name, Defendant "became up set and refused to be corrected, by so doing the defendant proceed to address the plaintiff under an allias, by padding the courts record under the name of (Kristian Giles) when the written citation clearly charged violation were lodged against Holyparadox A. Apollyon." Plaintiff states that Defendant "knowingly and intentionally discriminated against Plaintiff's legal name by refusing to address plaintiff by the name appearing on the Metro police report and . . . Plaintiff's State ID as well as the legal documents herein . . . ." Plaintiff contends that in failing to address him by his legal and religious name, Defendant violated his Fifth and Fourteenth Amendment rights.

Further, Plaintiff states that when he appeared before Defendant in court, he was "Adjudged to be indigent however when Plaintiff reported to the Court that he was receiving no assistance from his appointed Counsel the defendant then told Plaintiff that he had retain his own counsel." Plaintiff asserts that this violated his Sixth and Fourteenth Amendment rights to effective assistance of counsel.

## II.  **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

2

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

With regard to Plaintiff's claims against Defendant, Plaintiff states that Defendant is a Jefferson District Court judge who presided over a criminal proceeding against Plaintiff. Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992). This immunity confers complete protection from a civil suit. *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995).

A judge is subject to liability only for non-judicial actions or for acts which were judicial in nature but were taken in the "clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 11-12; *Ireland v. Tunis*, 113 F.3d at 1440. Whether or not an act is judicial depends on the nature and function of the act. *Ireland v. Tunis*, 113 F.3d at 1440. Two factors are examined to perform this analysis. *Id*. at 1441. The Court must first determine whether the act is "a function normally performed by a judge." *Id*. (quoting *Stump v. Sparkman*, 435 U.S. at 362). The Court must also look at "whether the parties dealt with the judge in his or her judicial capacity." *Ireland v. Tunis*, 113 F.3d at 1441. Moreover, a judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*,

113 F.3d at 1441; *King v. Love*, 766 F.2d 962, 965-66 (6th Cir. 1985); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).  Acting in error, maliciously, or in excess of his authority is not enough.  *Stump v. Sparkman*, 435 U.S. at 356.  Further, "[j]udicial immunity is not overcome by allegations of bad faith or malice . . . ."  *Mireles v. Waco*, 502 U.S. at 11.

The factors used for the functional analysis indicate that the allegedly wrongful acts by Defendant were judicial.  His actions in addressing Plaintiff by an alias and in not allowing Plaintiff to change his appointed counsel at that time are actions normally performed by a judge, and Defendant dealt with Plaintiff only in his judicial capacity.  Further, the complaint gives no indication that Defendant lacked jurisdiction in presiding over Plaintiff's criminal case.

Consequently, the claims against Defendant are barred by judicial immunity and will be dismissed.

## IV.  CONCLUSION

For the reasons stated above, the Court will dismiss this action by separate Order.

Date:  November 16, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendant
4416.003

5